| Home ▽ | Cases ▽ | Parties ▽ | Search ▽ | Reports ▽ | Letters ▽ | Maintenance ▽ | Calendar ▽ |

| Support | 69 New EFilings | Logout |

## View All Events

New Case

View/Edit Case

Respondent

Petitioner

Other Party

Other Primary Party

Attorney

Bond

Cash Bond

Court Registry

Child Support

Events

Court Setting

Fee/Fine

Installments

Payment

Bill of Cost MTR

Bill of Cost

Preliminary Court Costs

Case Summary Report

Cause Number: **33342**

File Location: **8/30/17 P - JT**

Court: **63rd District Court**

Case Id **28813**

Filing Date: **08/02/2017**

Case Type(s) / Re-Opens

Action Date

Disposition Date

Disposition Type

**1. Debt/Contract - Debt/Contract** 08/02/2017

Style: **JUAN LOPEZ VS UNITED STATES LIABILITY INSURANCE COMPANY, WILLIAM ROHRMAN AND GEORGE CLINTON, JR.**

Enter another Event

View all [select all ▽] Select

Publish PDF document from multiple images.

### All Events

| # | Type | Date | Description | Image | Pages | Vol/Page | Sealed |
|---|------|------|-------------|-------|-------|----------|--------|
| 1. | RETURN RECEIPT | 08/18/2017 | RETURN RECEIPT: UNITED STATES LIABILITY INSURANCE COMP SIGNED: J. DANIEL 8/14/17 | 697925.tif | 1 | | No |
| 2. | RETURN RECEIPT | 08/18/2017 | RETURN RECEIPT: GEORGE C. CLINTON JR. SIGNED: VIVIAN CLINTON 8/14/17 | 697924.tif | 1 | | No |
| 3. | CITATION ISSUED | 08/09/2017 | CIT/CM ISSUED: WILLIAM ROHRMAN (CM) | 696659.tif | 2 | | No |
| 4. | CITATION ISSUED | 08/09/2017 | CIT/CM ISSUED: GEORGE C. CLINTON, JR. (CM) | 696657.tif | 2 | | No |
| 5. | CITATION ISSUED | 08/09/2017 | CIT/CM ISSUED: UNITED STATES INSURANCE COMPANY (CM) | 696655.tif | 2 | | No |
| 6. | JURY DEMAND | 08/02/2017 | JURY DEMAND CERTIFICATE F/PLAINTIFF | 698631.tif | 1 | | No |
| 7. | OTHER | 08/02/2017 | E-FILE COURT COST | 698616.tif | 3 | | No |

EXHIBIT 2

Case 2:17-cv-00053-AM-VRG   Document 1-2   Filed 09/13/17   Page 2 of 32

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8. | OTHER | 08/02/2017 | E-FILE COURT COST | | | | No |
| 9. | COURT COST | 08/02/2017 | COURT COST BY E-FILE | 696715.tif | 3 | | No |
| 10. | INFORMATION | 08/02/2017 | CIVIL CASE INFO SHEET - EFiled on 08/02/2017 3:56 PM. Submitted by: Melvina Turner (melvina@pennebakerlaw.com) | 696001.pdf | 1 | | No |
| 11. | ORIGINAL PETITION | 08/02/2017 | PLTF'S ORIGINAL PETITION - EFiled on 08/02/2017 3:56 PM. Submitted by: Melvina Turner (melvina@pennebakerlaw.com) | 696000.pdf | 28 | | No |

User: PATINO - MARY JANE PATINO (deputy)

Val Verde County District Clerk

session: B7EC738DDC5D9DAE663893A16F11D842

EXHIBIT 2

Filed 8/2/2017 3:56 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary Jane Patino

CAUSE NO. **33342**

| | | |
|---|---|---|
| JUAN LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | **63RD** ____ JUDICIAL DISTRICT |
| | § | |
| UNITED STATES LIABILITY | § | |
| INSURANCE COMPANY, | § | |
| WILLIAM ROHRMAN AND | § | |
| GEORGE C. CLINTON, JR. | § | VAL VERDE COUNTY, TEXAS |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      **JUAN LOPEZ**, Plaintiff herein, files this Original Petition against Defendants UNITED STATES LIABILITY INSURANCE COMPANY, WILLIAM ROHRMAN AND GEORGE C. CLINTON, JR. and, in support of his causes of action, would respectfully show the Court the following:

### I.
### <u>THE PARTIES</u>

1.   Plaintiff is a Texas resident who resides in VAL VERDE County, Texas. Said property is located at: <u>2307 N. Main, Del Rio, Texas 78840.</u>

2.     Defendant, **UNITED STATES LIABILITY INSURANCE COMPANY**, is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its **Attorney for Service, Ms. Lisa Mann, Bingham, Mann & House, 4500 Yoakum Blvd., Houston, Texas 77006**. Service is requested at this time by certified mail, return receipt requested.

3.1     Defendant, **WILLIAM ROHRMAN**, may be served with process of service by certified mail, return receipt requested, at: **United States Liability Insurance Company, 1190 Devon Park Dr., Wayne, PA 19087-2150**. Service by certified mail, return receipt requested, **is**

1

EXHIBIT 2

requested at this time.

    3.2   Defendant, **GEORGE C. CLINTON, JR.**, may be served with process of service by certified mail, return receipt requested, at: **2 Coachmans Cir., Big Spring, Texas  79720-6602.** <u>Service by certified mail, return receipt requested,</u> **is** <u>requested at this time.</u> *Registered Mail is NOT requested – only CM/RRR.*

## I.
## <u>DISCOVERY</u>

    4.   This case is intended to be governed by Discovery Level 3.

## III.
## <u>CLAIM FOR RELIEF</u>

    5.   The damages sought are within the jurisdictional limits of this court.  Plaintiffs currently seek monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendant refuses to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## <u>JURISDICTION AND VENUE</u>

    6.   This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

EXHIBIT 2

7.     Venue is proper in VAL VERDE County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.
## FACTUAL BACKGROUND

8.     Plaintiff is a named insured under a property insurance policy issued by UNITED STATES LIABILITY INSURANCE COMPANY.

9.     On or about FEBRUARY 22, 2016, a storm hit the VAL VERDE County area, damaging Plaintiff's house and other property. Plaintiff subsequently filed a claim on his insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     WILLIAM ROHRMAN AND GEORGE C. CLINTON, JR. were assigned as individual adjusters on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that she noted during the inspection, and undervalued the damages she observed during the inspection.

12.     WILLIAM ROHRMAN AND GEORGE C. CLINTON, JR.'s unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, UNITED STATES LIABILITY INSURANCE COMPANY, WILLIAM ROHRMAN AND GEORGE C. CLINTON, JR. performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.**    **Breach of Contract (UNITED STATES LIABILITY INSURANCE COMPANY Only)**

EXHIBIT 2

15.    UNITED STATES LIABILITY INSURANCE COMPANY had a contract of insurance with Plaintiff. UNITED STATES LIABILITY INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.    Prompt Payment of Claims Statute (UNITED STATES LIABILITY INSURANCE COMPANY Only)**

16.    The failure of UNITED STATES LIABILITY INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.    Bad Faith/DTPA (UNITED STATES LIABILITY INSURANCE COMPANY, WILLIAM ROHRMAN AND GEORGE C. CLINTON, JR.)**

18.    Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.    Defendants violated § 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

20.    Defendants violated § 541.060 by:

(1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or

4

EXHIBIT 2

offer of a compromise settlement of a claim;

   (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

  21. Defendants violated § 541.061 by:

   (1) making an untrue statement of material fact;

   (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   (4) making a material misstatement of law; and

   (5) failing to disclose a matter required by law to be disclosed.

  22. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

  23. Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

   (1) Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   (2) UNITED STATES LIABILITY INSURANCE COMPANY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

   (3) UNITED STATES LIABILITY INSURANCE COMPANY, by accepting

5

EXHIBIT 2

insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that UNITED STATES LIABILITY INSURANCE COMPANY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Actionable Conduct of Adjuster (WILLIAM ROHRMAN AND GEORGE C. CLINTON, JR.)**

25.     With regard to the adjuster Defendant named herein, Plaintiff alleges said adjusters made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril for both the February 22, 2016 claim. Said Defendant adjusters also misrepresented the true cost of repairing all of the damages caused by each storm. More specifically, despite his obligation to conduct a thorough investigation, George C. Clinton, Jr. conducted an outcome oriented investigation in which he ignored obvious hail damage to the metal roof and metal ventilation boxes. Further, despite a verified hail storm, both George C. Clinton, Jr. and William Rohrman misrepresented that the metal roof panels were not damaged by wind or hail. Further, Mr. Clinton actually admitted to Ms. Lopez that he did not even inspect the entire roof because it was a huge roof area. He also ignored the agent's (William Pratt) correspondence pointing out that the investigation was unreasonable. Mr. Pratt advised that "The insured was trying to be reasonable but the discrepancy in Clinton's investigation was too big to ignore." Consequently, Defendant

6

EXHIBIT 2

significantly underpaid the claims to the detriment of the insured.  The named Defendant adjusters acted with actual awareness that said Defendant adjusters were misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared.  Therefore, as an "Adjuster", each of the Defendant adjusters meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code.  The Defendant adjusters boths misled Plaintiff.  The acts and omissions of the Defendant adjuster violated §541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas;  said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages.  These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured home.  The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision.  The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.
Defendant adjusters named herein violated § 541.051 of the Texas Insurance Code by:

(1)      making statements misrepresenting the terms and/or benefits of the policy.

Defendant adjusters named herein violated § 541.060 by:

(1)      misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

7

EXHIBIT 2

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the

policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of

a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or

submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect

to the claim;

Defendant adjusters violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading

considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a

false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

### E.     Attorneys' Fees

26.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against

Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX.

CIV. PRAC. & REM. CODE §§ 38.001-38.003 because they are represented by an attorney,

presented the claim to Defendants, and Defendants did not tender the just amount owed before

the expiration of the 30th day after the claim was presented.

28.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in

prosecuting this causes of action through trial and any appeal pursuant to Sections 541.152

8

EXHIBIT 2

& 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

29.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

30.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

31.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

32.     You are also requested to respond to the attached interrogatories, requests for production and requests for disclosures within fifty (50) days, in accordance with the instructions stated therein.

## X.
## MOTION TO COMPEL MEDIATION
## PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE

33.     Plaintiff(s) are seeking relief pursuant to §541 and §542 of the Insurance Code. Therefore, pursuant to S 541.161, the Plaintiff(s) files this Motion to Compel Mediation. Section 541.161 specifically states that the Court shall, not later than the 30th day after the motion is filed, sign an Order setting the time and place of the mediation. The Court shall appoint a mediator if the parties do not agree. The mediation must be held not later than the 30th day after the Order is signed.

9

EXHIBIT 2

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, he recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2880

By: _____
DOUGLAS E. PENNEBAKER
State Bar No. 00788178
**Lead counsel email: Doug@pennebakerlaw.com**
ATTORNEY FOR PLAINTIFFS
AND
WILLIE MCALLEN
State Bar No. 24047468
MICHAEL R. DE LEON
State Bar No. 24055389

10

EXHIBIT 2

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR DISCLOSURES

COME NOW Plaintiffs in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Disclosures separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Disclosures on Plaintiffs by and through their attorneys of record, Douglas E. Pennebaker, Pennebaker Law Firm, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Pennebaker Law Firm. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

        1.  Identify the document's title and general subject matter;

EXHIBIT 2

2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. her or her name;
2. her or her last known business and residence address and telephone number; and
3. her or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. "Property" means the property at issue in the lawsuit.

J. "Lawsuit" means this lawsuit.

EXHIBIT 2

## INTERROGATORIES TO DEFENDANT
## UNITED STATES LIABILITY INSURANCE COMPANY

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate h e r or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be

EXHIBIT 2

applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9. Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

16. To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

14

EXHIBIT 2

ANSWER:

17.     State the date Defendant first anticipated litigation.

ANSWER:

18.     State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

19.     Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole.  This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

20.     Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

ANSWER:

21.     Give the name, address and telephone number of all persons making a claim with you for property damage for the same FEBRUARY 22, 2016 as Plaintiff's claim.  This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

ANSWER:

22.     List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the FEBRUARY 22, 2016 at issue to date.

ANSWER:

EXHIBIT 2

## REQUESTS FOR PRODUCTION TO DEFENDANT
## UNITED STATES LIABILITY INSURANCE COMPANY

1.    The following insurance documents issued for the Property as identified in the Petition:
      a.   the policy at issue for the FEBRUARY 22, 2016 as identified in the
      Petition; and b.   the policy declarations page for the 3 years preceding the
      storm.

      RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance
      policies for the Property at issue. This request is limited to the past 5 years. To the extent
      Defendant contends that the underwriting file or documents older than 5 years impact the
      damages or coverage, produce that underwriting file or document.

      RESPONSE:

3.    All documents relating to the condition or damages of the Property or any insurance
      claim on the Property.

      RESPONSE:

4.    All documents relating to any real property insurance claims made by the Plaintiff(s).
      This request is limited to the past 5 years. To the extent Defendant contends that
      documents older than 5 years impact the damages or coverage, produce that document.

      RESPONSE:

5.    All requests for information to any third party about the Property, the Plaintiff(s), or the
      claims made the basis of this Lawsuit.

      RESPONSE:

6.    All documents used to instruct, advise, guide, inform, educate, or assist provided to any
      person handling the claim made the basis of this Lawsuit that related to the adjustment of
      this type of claim, i.e., hail property damage.

      RESPONSE:

7.    All documents obtained from any person(s) or entity(ies) and governmental agencies on
      behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy,
      or the claims made the basis of this Lawsuit. This request includes all documents
      obtained by way of deposition on written questions.

      RESPONSE:

EXHIBIT 2

8.  All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

9.  Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

    RESPONSE:

10. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

    RESPONSE:

11. A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

    RESPONSE:

12. All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

    RESPONSE:

13. All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

    RESPONSE:

EXHIBIT 2

14.  If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.  Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.  All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.  All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.  All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.  All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

RESPONSE:

20.  Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

EXHIBIT 2

21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the FEBRUARY 22, 2016 claimed by Plaintiff(s).

RESPONSE:

22.    Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25.    All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.    All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

EXHIBIT 2

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.   A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the FEBRUARY 22, 2016 at issue to date.

ANSWER:

EXHIBIT 2

## INTERROGATORIES TO DEFENDANTS,
## WILLIAM ROHRMAN AND GEORGE C. CLINTON, JR., INDIVIDUALLY

1.  Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit.  This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

    RESPONSE:


2.  Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

    RESPONSE:


3.  Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

    RESPONSE:


4.  Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

    RESPONSE:


5.  State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

    RESPONSE:

21

EXHIBIT 2

6.    Identify the following dates:

     a.   The date you first obtained an adjuster license in the State of Texas;
     b.   The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
     c.   The date you were first assigned to claims arising out of the storm(s) at issue in this Lawsuit.;
     d.   The date you closed your file on the claim made the basis of this Lawsuit; and
     e.   The last date you worked on any claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:


7.    Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:
     a.   The name and job title of any person who inspected the Property with you;
     b.   The date of each inspection;
     c.   The purpose of each inspection;
     d.   The length of time of each inspection;
     e.   The equipment or tools used during each inspection;
     f.   The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
     g.   Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


8.    Following the inspection(s), did You engage in any additional communications (*e.g.,* telephone, in person, written communication) with Plaintiff(s)?  If yes, provide the following information:

     a.   the date of such communication(s);
     b.   the manner of such communication(s);
     c.   the person to whom You communicated;
     d.   the reason for the communication(s);
     e.   for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
     f.   the general substance of the communication.

RESPONSE:

EXHIBIT 2

9.    Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

RESPONSE:

10.   For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

11.   To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

12.   Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:

13.   How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

RESPONSE:

14.   Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

15.   Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

23

EXHIBIT 2

RESPONSE:

16.    Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

17.    To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

18.    Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

EXHIBIT 2

## REQUESTS FOR PRODUCTION TO DEFENDANTS,
## WILLIAM ROHRMAN AND GEORGE C. CLINTON, JR., INDIVIDUALLY

1.  All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

    RESPONSE:

2.  All licenses or certifications that are identified in response to Interrogatory Number 3.

    RESPONSE:

3.  All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

    RESPONSE:

4.  All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

    RESPONSE:

5.  All resumes for the last five (5) years.

    RESPONSE:

6.  All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

    RESPONSE:

7.  All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

    RESPONSE:

EXHIBIT 2

8.   To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

     RESPONSE:

9.   To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

     RESPONSE:

10.  All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

     RESPONSE:

11.  All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

     RESPONSE:

12.  All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

     RESPONSE:

13.  All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

     RESPONSE:

14.  All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

     RESPONSE:

EXHIBIT 2

15.   All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:


16.   All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.   To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.   All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:


18.   All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

EXHIBIT 2

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880


By: _____

DOUGLAS E. PENNEBAKER
State Bar No. 00788178
**Lead counsel email: Doug@pennebakerlaw.com**
ATTORNEY FOR PLAINTIFFS
AND
WILLIE MCALLEN
State Bar No. 24047468
MICHAEL R. DE LEON
State Bar No. 24055389

28

EXHIBIT 2

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Vivian Clinton* ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)  C. Date of Delivery  8-19-17 |
| 1. Article Addressed to:<br><br>George C. Clinton, Jr.<br>2 Coachmans Cir<br>Big Spring, TX 79720-6602<br><br>#33342 | D. Is delivery address different from Item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>FILED<br>At 12:36 O'Clock P M<br>AUG 1 8 2017 |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 3057 7124 6748 48 | 3. Service Type<br>ANN CERVANTES<br>Clerk U.S. District Court ☐ Priority Mail Express®<br>☐ Adult Signature ☐ Registered Mail™<br>☐ Adult Signature Restricted Delivery ☐ Registered Mail Restricted Delivery<br>☐ Certified Mail® ☐ Return Receipt for Merchandise<br>☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™<br>☐ Collect on Delivery ☐ Signature Confirmation Restricted Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery ($500) |
| 2. Article Number *(Transfer from service label)*<br>7016 1970 0000 1669 6430 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

EXHIBIT 2

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Liability Insurance
Company
4500 Yoakum Blvd.
Houston, TX 77006

#33342

9590 9402 3057 7124 6748 24

2. Article Number (Transfer from service label)

7016 1970 0000 1669 6423

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

J. Daniel                        8/14/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

FILED
At 12:30 O'Clock P M

AUG 1 8 2017

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation
☐ Insured Mail                        Restricted Delivery
☐ Insured Mail Restricted Delivery
   (over $500)

ANN CERVANTES
Clerk Val Verde Co.

Domestic Return Receipt

EXHIBIT 2